# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**CASEY W. SIMMONS**                                                                  **PLAINTIFF**

V.                                      No. 3:21-CV-00111-ERE

**COMMISSIONER OF SOCIAL SECURITY**                              **DEFENDANT**

## ORDER

Plaintiff, Casey Simmons, appeals the final decision of the Commissioner of the Social Security Administration denying his Title II application for disability insurance benefits and for supplemental security income benefits under Title XVI of the Social Security Act. For reasons set out below, the Commissioner's decision is AFFIRMED.

**I.      BACKGROUND**

On June 28, 2019, Mr. Simmons filed for benefits due to congestive heart failure, atrial fibrillation, ventricular fibrillation, cardiomyopathy, and tachycardia. *Tr. 148, 174.*

Mr. Simmons' applications were denied initially and upon reconsideration. At Mr. Simmons' request, an administrative law judge ("ALJ") held a hearing on October 21, 2020, where Mr. Simmons appeared with his lawyer, and the ALJ heard testimony from Mr. Simmons and a vocational expert ("VE"). *Tr. 27-43.* The ALJ issued a decision on November 25, 2020, finding that Mr. Simmons was not

disabled. *Tr. 12-21*. The Appeals Council denied Mr. Simmons' request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-4*.

Mr. Simmons, who was thirty-seven years old at the time of the hearing, has a tenth-grade education. *Tr. 18, 30*. He has past relevant work experience as a forklift operator, utility worker, and quality assurance group leader. *Tr. 20*.

## II.   THE ALJ'S DECISION[1]

The ALJ found that Mr. Simmons, who has not engaged in substantial gainful activity since May 17, 2019, has the following severe impairments: atrial fibrillation, congestive heart failure, and high blood pressure. *Tr. 17*. However, the ALJ found that Mr. Simmons did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 18*.

The ALJ found that Mr. Simmons has the residual functional capacity ("RFC") to perform the full range of sedentary work. *Id*. The VE testified that jobs available with these limitations included document preparer, cutter/paster, and surveillance system monitor. *Tr. 41-42*. The ALJ determined that Mr. Simmons

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g).

could perform a significant number of jobs existing in the national economy and found he was not disabled. *Tr. 21*.

### III. DISCUSSION

#### A. Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

#### B. Mr. Simmons' Arguments for Reversal

Mr. Simmons asserts that the ALJ's RFC finding that he could perform a full range of sedentary work is not supported by the record. *Doc. 10 at p. 16*. He also argues that the ALJ's "credibility analysis was inadequate." *Id. at p. 18*.

After a thorough recitation of Mr. Simmons' medical history, the ALJ noted there were "minimal medical interventions since the alleged onset date and stable findings with each workup of [Mr. Simmons'] cardiovascular functioning," so he would be able to perform a full range sedentary work. *Tr.20.* He further noted that Mr. Simmons' "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record . . . ." *Tr. 18-19.*

"When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions." *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). An ALJ does not need to explicitly discuss each of these "*Polaski* factors," and can reject complaints which are inconsistent with the evidence as a whole. *Id*. A reviewing court "will defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so." *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010) (citation omitted).

The Court finds that substantial evidence supports the ALJ's decision to discount Mr. Simmons' complaints. In assessing Mr. Simmons' subjective complaints of pain, the ALJ considered numerous facts from the record as a whole and noted several inconsistencies, all of which support his credibility finding.

Mr. Simmons asserts that the "only *Polaski* factor he discussed was Simmons' ability to perform personal care tasks, prepare simple meals, wash dishes, and shop . . . which hardly indicate an ability to perform full-time completive work." *Doc. 10*. The Court agrees, generally, that these tasks alone may not indicate the ability to work full-time. However, the Eighth Circuit has found that daily activities are properly considered when assessing a claimant's subjective complaints. *Bryant v. Colvin*, 861 F.3d 779, 783 (8th Cir. 2017) (driving, shopping, cooking, and doing laundry may be inconsistent with disabling pain); *Wagner v. Astrue*, 499 F.3d 842, 852 (8th Cir. 2007) (affirming district court decision finding claimant's subjective complaints not fully credible where claimant engaged in "extensive daily activities"). However, this was not the ALJ's only finding.

Mr. Simmons' argument that the ALJ considered *only one* of the *Polaski* factors is contradicted by the record. The ALJ noted that Mr. Simmons had been able to return to work after previous treatments (before the alleged onset date) and that his conditions had stabilized after the alleged onset date. *Tr. 19*. "An impairment

which can be controlled by treatment or medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

As the ALJ noted, Mr. Simmons' cardiologist "[p]rescribed activity/exercise education" in 2019 and 2020. *Tr. 19, 335, 344, 646, 654*. Additionally, nothing in the record indicates that Mr. Simmons was on medical restrictions after he recovered from his surgeries. "A lack of functional restrictions on the claimant's activities is inconsistent with a disability claim where, as here, the claimant's treating physicians are recommending increased physical exercise." *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). This evidence supports the ALJ's finding that Mr. Simmons was capable of sedentary work. Notably, a state-agency medical consultant found that Mr. Simmons could perform light work, but the ALJ rejected that finding based on Mr. Simmons' record of "shortness of breath, exacerbated with activity." *Tr. 20*.

Finally, Mr. Simmons testified that he last worked in May 2019. *Tr. 31*. However, a February 2020 medical note mentions that the doctor "will give samples since [Mr. Simmons] is changing jobs . . . will get insurance back in 60 days." *Tr. 629*.

Ultimately, the ALJ applied the proper legal standards in evaluating Mr. Simmons' subjective complaints and articulated several valid reasons for discounting his credibility. Accordingly, the Court should defer to those findings.

Furthermore, the ALJ's final decision is supported by substantial evidence on the record as a whole.

## IV. CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision. There is no legal error.

Accordingly, Mr. Simmons' appeal is DENIED and judgment is entered for the Commissioner. The Clerk of Court is directed to close the case.

IT IS SO ORDERED this 9th day of November, 2021.

_____
UNITED STATES MAGISTRATE JUDGE